The Chief Justice
delivered the opinion of the court.
This action of ejectment was tried at the Sussex Circuit in *November, 1827. The lessors of the plaintiff claimed as heirs at law of Thomas Mitton, deceased. The defendant claimed as devisee under the will of Thomas Mitton ; and the principal question on the trial was whether the instrument produced and relied on as his will was proved to have been executed in the manner required by the act respecting wills,-Lev. Laws 7, to devise real estate. The jury rendered a verdict for the defendant, which the plaintiff seeks to set aside upon objections to the charge of the judge, which was to the following effect: “ With respect to the execution of the will,
1. There must be three subscribing witnesses. One of these witnesses merely made his mark. The direction of the court is, that making of a mark is a sufficient subscription by the witness.
2. It must be signed by the testator in their presence. The testator may sign by making his mark. But it is said this should be done in the presence of the witnesses. My direction to you on this point is, that if you believe, from the evidence, that the testator either made his mark in the presence of the witnesses, or acknowledged it as his in their presence, it will be sufficient.
3. It should be published by testator in their presence. To publish, is to proclaim or make known in the presence of *83 the witnesses the nature of the instrument then executed, and this principally, that it may be manifest that the testator knows what he is executing. This publication may be made either wholly by the testator, or by the scrivener or other agent asking the question as stated by some of the witnesses, and the testator expressing his assent by words, or even by signs which plainly indicate his understanding of and acquiescence in, such publication.
4. With respect to the expression, 'presence of the witnesses,’ used in the statute, it is the opinion of the court that if the subscribing witnesses were so situated that they could and would naturally see and hear the signing and publishing, it is sufficient.
5. To apply these principles to this case. If you believe the testimony of Simeon McCoy who says ' he put his finger on the seal, and asked him if he acknowledged it to be his hand *and seal to his last will and testament. He said yes,’ and that this was done in the presence of the witnesses, it will be a sufficient signing and publishing under the statute.”
Upon the second and fourth points, the judge neither recollecting, nor being referred by the counsel to any adjudicated case on the construction of our statute of wills, and not considering the matter, therefore, as res judicata, very properly resolved to communicate to the jury, and so stated at the time, the construction of the English courts on their statute of wills, 29 Car. 2, eh. 3, and reserved his opinion on our statute until the question should be argued here.
Before I proceed to an examination of the doctrine contained in this charge, I shall quote our statute and the 29th Car. 2. The former requires all wills and testaments to devise lands, tenements and hereditaments, to “ be made in writing, signed and published by the testator in presence of three subscribing witnesses.” The latter eh. 3, sec. 5, enacts " that all devises and bequests of any land or tenements devisable by the statute of wills or by any particular custom, *84 shall be in writing and-signed by the party devising the same or some other person'in his presence and by his express directions, and shall be attested and subscribed in the presence of the said devisor by three or four credible witnesses."
Between the provisions of these two enactments, some diversities are to be carefully noted. Under both, wills are to be in writing; to be signed; and to have at least three witnesses. Our act requires the will to be published, which is not expressly directed by the other. By the English statute, the will is to be signed. By our act, the'will is to be signed and published in the presence of the witnesses. By the former, the witnesses are to attest and subscribe in the presence of the devisor; by the latter, they are not in terms required so to do, although it is our usual and com7 mendable custom. The qualification “credible,” annexed to the witnesses, which has given birth to so much controversy in the English courts, has not been used by our legislature. These diversities are to be sedulously noticed in settling the construction of our statute; and in using for its illustration, the decisions of the English tribunals or of our sister states, some of whom and among them Hew York, prior *to their late revision, have much more closely copied the statute of Charles.
Upon the first point contained in the charge, the direction given to the jury was, in my opinion, correct. He who is unable to write his name, and makes his mark is, notwithstanding, a- competent and legal witness to the execution of a will. It may be more difficult for him than for one who writes, after a lapse of time, to identify the instrument and to make the necessary proof; and in case of his absence or decease, it may be more difficult to obtain the requisite secondary proof, but the multiplication of difficulties, however imprudent the use of such a witness may be thereby rendered, or however commendable to select, where feasible, another person, does not amount to a legal disability or exclusion. The point has been repeatedly decided *85 in the English courts, where the witness is required to subscribe; and in New York, a will, witnessed by a marksman, has been sustained. Harrison v. Harrison, 8 Vez. 185; Addy v. Grix, ibid. 504; Jackson v. Vandusen, 5 John. 144. The deposit of our secretary’s office contains many wills so attested, especially in the early times of the colony.
Prom that part of the second direction given to the jury, which is comprised in these words “ or acknowledged it as his in their presence,” concurring with the rest, I am compelled to dissent.
According to the construction of the English statute, which appears to he fully settled, if a testator owns his hand or signature in the presence of the witnesses, it is sufficient, though they did not see him sign his name. Cook v. Parsons, Prec. Ch. 185; Stonehouse v. Evelyn, 3 P. W. 255; Grayson v. Atkinson, 2 Vez. 454; Smith v. Codron, cited 2 Vez. 455; Ellis v. Smith, 1 Vez. jun. 11; Addy v. Grix, 8 Vez. 504. This construction has not, however, prevailed without considerable hesitation and dubiety, as will readily be seen by tracing it through even the few cases to which I have referred; and in Ellis v. Smith, four of the most distinguished names of English jurisprudence, expressed strongly their opinions against it, and declared that they yielded to and adopted it from the force of precedents. The reason of the construction is, that the statute only requires *the will to be signed by the testator, not to be signed in the presence of witnesses; and according to the rules of evidence, an acknowledgment or admission by the testator that the name was signed by him, is proof of the act of signing; in the same manner as in the case of a deed, the avowal by the maker that he had sealed and signed is evidence of the fact; and in both cases sufficient for the subscribing witnesses to attest, and afterwards if examined as witnesses to testify, in order to establish the fact of signing in the one instance, and of sealing and signing in the *86 other. Bat the language of our statute is different and the construction therefore cannot be the same. The terms are plain and explicit. “ Signed by the testator in the presence of three subscribing witnesses.” Now, although an acknowledgment by the testator that he signed, may be proof of the signing, yet such acknowledgment in the presence of the witnesses, is not an actual signing in their presence. The ceremony of publication, required in addition to that of signing, serves to contradistinguish the one from the other and to shew that the latter is not to be fulfilled by the avowal contained in the former. The clause of the English statute “ subscribed in the presence of the devisor ” has been uniformly held to require his actual presence at the subscription of the witnesses. Shires v. Glascock, 2 Salk. 688; Eccleston v. Petty, Carth. 79; Broderick v. Broderick, 1 P. W. 239; Machett v. Temple, 2 Shower 238. I am not aware that this clause of our statute has received a judicial determination. We have no case reported. The ordinary form of the oath of the witness as used in our surrogates’ offices is, that he “saw the testator sign.” In Den v. Allen, 1 Penn. 36, the oath of one of the executors indorsed on the will and which formed part of the proof of its execution is somewhat defectively stated. I have examined the original oath and find that in addition to what is mentioned in the report, he declared that he saw the testator sign the will and heard him publish it, and that he verily believed the subscribing witnesses were present at the same time. Justice Pennington, the only member of the court who speaks of the formalities of execution says, “ It is not necessary that all the subscribing witnesses should be called to prove the will; the practice is to take one of them and by him to prove that the testator executed the will in the presence of himself and the *other two witnesses, and that they all subscribed their names to the same in the presence of the testator.”
The third instruction given to the jury is in my opinion entirely correct. Our statute in terms requires a publica *87 tion of the will. No such ceremony is expressly required by the statute of Charles. Hence the English decisions on this topic are to be used with caution ; and it may be well doubted whether what some of them hold to be sufficient, as for instance, the delivery as a deed, does not fall below what is required here to constitute a publication.
The fourth.construction I deem conformable to the meaning and intention of our statute. It accords with the current of decisions. Shires v. Glascock, 2 Salk. 688; Long-ford v. Eyre, 1 P. W. 740; Cason v. Dade, 1 Bro. C. C. 99; Doe v. Manifold, 1 M. and S. 294 ; Tod v. Winchelsea, 3 Car. and Payne 387.
The fifth opinion is, in my opinion, too limited and therefore erroneous, for the reasons given on the second point; inasmuch as it declares that an acknowledgment in the presence of the witnesses is a sufficient signing within the .statute. The instruction would have been unexceptionable had it been general, that if the j ury believed the testimony of Simeon McCoy, there was sufficient evidence of the due ■execution of the will. Por he testified expressly to the fulfillment of every ceremony made necessary by the statute. And one witness may prove all these requisites. Longford v. Eyre, 1 P. W. 740; Davis v. Mason, 1 Peters' Rep. S. C. 509. And although the subscribing witnesses did not recollect some of the matters which he stated, and in others somewhat differed from him, yet the law has wisely declared that the omissions of subscribing witnesses may be supplied, or their assertions contradicted or disproved. Pike v. Badmering, 2 Str. 1096; Lowe v. Joliffe, 1 W. B. 365.
Notwithstanding the views I have taken of the second and fifth points of the charge, I feel spe hesitation in consenting to grant a new trial. Upon the evidence contained in the report of the case, there is sufficient to sustain the will if the testimony of Simeon McCoy is believed; and the j ury have by their verdict pronounced him worthy of credit, as his credibility was expressly put to them by the judge, *88 and without reliance on his testimony they would probably" have come to a different result. Nevertheless as am important question of fact, upon the signing by the testator m the presence of the witnesses, was not submitted to the jury,. I deem it on the whole advisable that the verdict should beset aside, in order to leave the plaintiff at liberty, if he? think fit, to carry the case to another trial.
Verdict set aside.